UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARA L F.,<br><br>      Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | Case No. C23-5829 RSM<br><br>**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS** |

  Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Plaintiff contends the ALJ erred by rejecting her symptom testimony and Dr. Duthie's and Dr. Neims's medical opinions. Dkt. 10.[1] As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

  This is the second time Plaintiff seeks review of her SSI application. In a November 2020 decision, the ALJ found Plaintiff not disabled. AR 10–29. In February 2022, this Court

---

[1] Plaintiff's Opening Brief does not entirely comply with the briefing requirements provided in the Court's Scheduling Order, as Plaintiff did not list the alleged errors on the first page of the brief. *See* Dkts. 7 at 2; 10 at 1. In the future, counsel shall take care to review and comply with the Court's briefing requirements.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

reversed the ALJ's decision and remanded for further proceedings. AR 624–33. In March 2023, the ALJ conducted a new hearing on remand. AR 578–97. In May 2023, the ALJ issued a decision again finding Plaintiff not disabled. AR 550–70. Plaintiff now seeks judicial review of the ALJ's 2023 decision.

## DISCUSSION

### 1. Plaintiff's Symptom Testimony

In the 2020 hearing, Plaintiff testified she is unable to work because of symptoms stemming from a brain injury, including fatigue, migraines, memory loss, forgetfulness, poor attention and concentration, insomnia, dizziness, irritability, emotional disturbances, depression, and mood swings. AR 75. She explained it was hard for her to leave the house because of her anxiety. AR 78. She testified she also has symptoms stemming from post-traumatic stress disorder (PTSD), including insomnia, hypervigilance, exhaustion, and inability to regulate her emotions. AR 76. During her more recent hearing, Plaintiff testified that since 2020, she has had suicidal thoughts as well as continued difficulties with anxiety, agoraphobia, and insomnia. AR 584, 586–88, 591. She explained that within a given month, she has difficulties getting out of bed and "maintaining day to day life" 65 to 70 percent of the time due to her mental health impairments.[2] AR 588.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

---

[2] Plaintiff also testified to other symptoms but challenges only the ALJ's evaluation of her mental health symptoms. Dkt. 10. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003). The Court will therefore only consider the ALJ's evaluation of this portion of Plaintiff's testimony.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

     In this case, the ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects" of her symptoms "are not entirely consistent with the medical evidence and other evidence in the record." AR 558. The ALJ first noted Plaintiff's "minimal engagement in treatment." *Id*. An ALJ may discount the claimant's testimony when the "level or frequency of treatment is inconsistent with the level of complaints." *Molina*, 674 F.3d at 1113 (quotation omitted). The ALJ's assessment is not supported by substantial evidence. Addressing Plaintiff's counseling, the ALJ pointed out there were "no noteworthy mental health treatment records throughout 2019," and observed that instead of actual counseling notes from 2017 through part of 2019, Plaintiff's record contained only a letter from Plaintiff's therapist. AR 558–59. The ALJ's focus on the lack of counseling notes is unavailing, considering the letter nonetheless confirms Plaintiff did engage in treatment. *See* AR 507. The letter also describes Plaintiff's diagnoses and the symptoms her counseling sessions focused on, which reflect Plaintiff's testimony. *Id.*

     The ALJ also noted that Plaintiff denied medication. AR 559. "[A] claimant's failure to assert a good reason for not seeking treatment, 'or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony.'" *Molina*, 674 F.3d at 1113–14 (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The record is not entirely clear about Plaintiff's use of medication. Plaintiff testified her providers refused to prescribe her certain medication, yet treatment notes show it was Plaintiff herself who denied

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

1  their recommendation.  *See* AR 592, 797–98, 801.  Nonetheless, looking at the overall record,

2  the ALJ's finding is not wholly accurate because Plaintiff did not outright reject medication in

3  general—only those recommended by per providers—because she agreed to start trial of

4  hydroxyzine.  *See* AR 801.  Therefore, in rejecting Plaintiff's testimony based on her declining

5  medication, the ALJ erred.

6        Next, the ALJ rejected Plaintiff's testimony based on her "unremarkable" mental status

7  observations.  AR 558.  When objective medical evidence in the record is *inconsistent* with the

8  claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."

9  *Smartt*, 53 F.4th at 498.  Here, the ALJ pointed out that in a December 2018 evaluation, although

10 Plaintiff endorsed PTSD, depression, anxiety, and panic, she was also found cooperative, alert,

11 and oriented with moderately impaired memory, reasonably good insight and judgment, and

12 normal intellectual functioning.  *See* AR 558 (citing AR 534).  The ALJ also pointed out that in a

13 January 2019 evaluation, Plaintiff was found to have a dysphoric, very anxious, and fearful

14 mood with moderate liability, yet she was also found as cooperative and well-groomed with

15 intact thought process and content, orientation, perception, memory, fund of knowledge, abstract

16 through and "fair to borderline" concentration, insight, and judgment.  *See* AR 558 (citing AR

17 481–82).  The ALJ further pointed to other examinations, which show Plaintiff had normal

18 affect, judgment, and mood, though she also had anxious or depressed mood.  AR 772, 779, 791,

19 797–98.  The ALJ's focus on the results of Plaintiff's evaluations is only somewhat convincing.

20 While the ALJ could reasonably reject Plaintiff's statements regarding her suicidal thoughts,

21 concentration, and memory based on her examinations, the results cited by the ALJ do not

22 necessarily address her statements regarding her anxiety, agoraphobia, and insomnia.  In fact,

23 they appear to mirror Plaintiff's testimony.  In rejecting Plaintiff's testimony based on objective

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

medical evidence, the ALJ erred.

The ALJ also seemed to reject Plaintiff's testimony by highlighting her statement that she worked in customer service until 2004 when she gave birth. AR 562 (citing AR 533). The ALJ may draw an adverse inference as to the credibility of a claimant's testimony when the record indicates the claimant stopped working for reasons other than his or her disability. *See Brutton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). The cited evidence states Plaintiff did not return to work after giving birth because she was "in a car accident after that time." AR 533. Other records show the accident was in 2006. *See* AR 513, 738. The record as to whether Plaintiff stopped working for another reason is murky at best. As there is not enough information on this record, the Court finds this reason not supported by substantial evidence.

## 2. Medical Opinion Evidence

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c). The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. § 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. § 416.920c(c)(1). The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. § 416.920c(c)(2). Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

**a.      Dr. Duthie**

Dr. Duthie opined that due to Plaintiff's "poor memory and concentration as well as multiple psychiatric symptoms, it is unlikely [Plaintiff] will be able to work on a full time basis over the next year." AR 535.  The ALJ first rejected Dr. Duthie's opinion because it was not supported by his own evaluation.  AR 561.  How a medical source supports his or her medical opinion with relevant objective medical evidence and supporting explanations is a factor the ALJ must consider.  20 C.F.R. § 416.920c(c)(1).  Here, the ALJ noted that although Plaintiff had moderately impaired memory and concentration, she also had intact fund of knowledge, an average intellectual functioning, and ability to follow the course of a conversation.  AR 561.  But Dr. Duthie also found Plaintiff had marked difficulty in carrying out simple and complex instructions, as well as moderate difficulties in interacting with others and responding to usual work situations and changes in a work routine—these align with Dr. Duthie's opinion about Plaintiff's psychiatric symptoms affecting Plaintiff's work functionalities.  *See* AR 535.  In rejecting Dr. Duthie's opinion for its lack of supportability, the ALJ erred.

The ALJ also rejected Dr. Duthie's opinion because it was inconsistent with Plaintiff's ability to care for young children and attend school, as well as the rest of Plaintiff's record, which shows "improvement with medication and counseling." AR 561.  How consistent a medical opinion is with evidence from other medical sources and nonmedical sources is a factor the ALJ must also consider.  20 C.F.R. § 416.920c(c)(2).  The ALJ's assessment is unconvincing.  Plaintiff testified it is a "daily challenge" to care for her children, that she does "just a little bit" every day, and she has increasingly needed help with caring for her children and household.  AR 80–81, 587–88.  Plaintiff also testified she withdrew from school due to her medical condition in January 2019, and the record indicates she had difficulties with schooling.

AR 590–91, 767–68.  Further, reading the ALJ's decision, there does not appear to be any citations documenting Plaintiff's improvement from treatment, which the ALJ critiqued as lacking.  *See* AR 558–60.  Without more, the Court cannot say the ALJ reasonably rejected Dr. Duthie's opinion based on its inconsistency.   Because both of the ALJ's supportability and inconsistency findings of Dr. Duthie's opinion are not supported by substantial evidence, the ALJ erred in rejecting the physician's opinion.

      **b.**  **Dr. Neims**

  Dr. Neims opined that based on the combined impact of Plaintiff's diagnosed mental impairments, Plaintiff would be overall marked in her ability to sustain a normal workday and workweek.  *See* AR 480–81.  The ALJ first rejected Dr. Neims's opinion because it was not supported by his own evaluation.  AR 561.  How a medical source supports his or her medical opinion with relevant objective medical evidence and supporting explanations is a factor the ALJ must consider.  20 C.F.R. § 416.920c(c)(1).  Here, the ALJ pointed to Plaintiff's "logical thoughts and thought processes, thought content, orientation, perception, memory, fund of knowledge, and abstract thought within normal limits."  AR 562.  Plaintiff argues the ALJ erred by considering only the Dr. Neims's overall marked rating and ignoring the physician's other marked proposed limitations and by selectively citing to Dr. Neims's findings.  Dkt. 10 at 12.  The Court agrees.  If Dr. Neims had only provided that Plaintiff was overall marked in her ability to work, then his normal findings would appear to undermine the physician's opinion.  But in addition to his overall rating, Dr. Neims also opined Plaintiff was marked in three specific work functionalities: communicating and performing effectively in a work setting; maintaining appropriate behavior in a work setting; and completing a normal work day and work week without interruptions from psychologically based symptoms.  AR 481–82.  These proposed

limitations appear to be substantiated by Dr. Neims's finding regarding Plaintiff's "dysphoric and very anxious and fearful mood," "[m]oderate lability," and "fair to borderline concentration, insight, and judgment. *See id*.

The ALJ also pointed to Dr. Neims's indication that vocational training or services would "minimize or eliminate [barriers] to [Plaintiff's] employment" and explained that this suggests the limitations Dr. Neims proposed were in part based on factors unrelated to Plaintiff's impairments. AR 562 (citing AR 481). However, the ALJ did not explain how this inference was made. Further, even if Dr. Neims's recommendation was based in part on other factors besides Plaintiff's impairments, it would not necessarily be mutually exclusive with his medical opinion. It is entirely possible Dr. Neims could find training services useful for Plaintiff while at the same time finding Plaintiff's work functionalities limited due to her impairments. Overall, the ALJ's supportability finding fails to show that Dr. Neims's opinion was not supported with relevant objective medical evidence and explanations, therefore the ALJ erred.

The ALJ also erred in rejecting Dr. Neims's opinion for its inconsistency with other treatment notes showing Plaintiff's fair performance on mental status evaluations and improvement in her symptoms with treatment. AR 562. As discussed in the previous section, Plaintiff's treatment notes show Plaintiff either endorsed or was found to have PTSD, depression, and anxiety, mirroring Dr. Neims's findings. AR 772, 779, 791, 797–98. As also discussed, the ALJ's decision does not discuss records of improvement. Overall, the ALJ's inconsistency finding is not supported by substantial evidence.

In sum, the ALJ failed to provide substantially supported reasons to reject the medical opinions of Dr. Duthie and Dr. Neims.

### 3.     Scope of Remedy

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8

Plaintiff contends that because the ALJ failed to properly evaluate Dr. Duthie's and Dr. Neims's opinions, the ALJ was required to include their proposed limitations in her RFC. Dkt. 10 at 9–10, 14–15. Plaintiff also argues she would not be able to perform the occupations provided by the vocational expert ("VE") based on this erroneous RFC.

Certainly, "an RFC that fails an to take into account a claimant's limitations is defective." *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). However, it is within the ALJ's purview, not the Court's, to determine how the ALJ's improper rejection of Plaintiff's testimony and Dr. Duthie's and Dr. Neims's medical opinions affect the formulation of Plaintiff's RFC. *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015). Further, the occupations Plaintiff argues she is unable to perform are based on Plaintiff's *current* RFC, which could very well be different had the ALJ properly evaluated the medical evidence and Plaintiff's testimony.

In her Reply, Plaintiff contends the Court must remand for an immediate award of benefits because if Dr. Duthie's opinion or her testimony were credited as true, the ALJ would have to find her disabled on remand. Dkt. 16 at 8–9. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)

(internal citations and quotation marks omitted).  Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Further, "[e]ven if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The first step is met here, because the ALJ erred in rejecting Plaintiff's testimony and the medical opinion evidence.  However, before the Court can proceed to the third step, the Court must assess whether "the record has been developed thoroughly and is free of conflicts, ambiguities, or gaps" at step two. *Id*. at 1046.  The Court finds there to be remaining factual gaps and conflicting information.  For example, whether Plaintiff's providers declined to prescribe her medication or whether she herself denied medication, and why Plaintiff stopped working after 2004 remain unclear.  Additionally, the extent of how Plaintiff's impairments affect her ability to work, as expressed in Dr. Duthie's medical opinion and Plaintiff's own testimony, are contradicted by other medical evidence. *See* AR 98, 116–17, 120–22, 772, 779, 791, 797–98.  Plaintiff points out some of these medical opinions "date back to 2018," but does not explain why that should lessen the contradictions in the record, especially since her alleged onset dates back to December 2004. *See Pacheco v. Berryhill*, 733 F. App'x 356, 360 (9th Cir. 2018) ("[E]vidence that predates the claimant's application date but postdates the alleged onset date is pertinent to the alleged period of disability.").  Remanding for further administrative proceedings would be appropriate to address these issues.  On remand, the ALJ must re-evaluate Plaintiff's testimony and the medical opinion evidence, reassess all relevant steps of the disability evaluation process, and conduct any necessary proceedings to clarify the record and

reevaluate the disability determination in light of this order.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 11